# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| **ROBERT BOYD WATSON** | ) | Bankruptcy No. 08-82602-JAC-13 |
| **SSN XXX-XX-3373** | ) | |
| **AUDREY JUNE WATSON** | ) | |
| **SSN XXX-XX-6684** | ) | |
| | ) | |
| Debtors. | ) | Chapter 13 |

_____

| | | |
|---|---|---|
| **PHILIP A. GEDDES,** | ) | |
| **CHAPTER 13 TRUSTEE,** | ) | |
| | ) | |
| **V.** | ) | AP No.: 12-80006 |
| | ) | |
| **AUDREY JUNE WATSON** | ) | |
| **and** | ) | |
| **JARVIS BREWER,** | ) | |
| solely in his capacity as administrator | ) | |
| of the Estate of Audrey P. Williams, | ) | |
| deceased, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This adversary proceeding came before the Court on May 29, 2012, for hearing on the Trustee/Plaintiff's motion for summary judgment. Present at the hearing were Michael Ford, Esq., representing the Trustee, and Nicholas Gajewski, Esq., representing the Defendant Audrey June Watson.

This adversary proceeding was initiated by the Plaintiff's complaint for turnover order against the Debtor Audrey June Watson, and against Jarvis Brewer, in his capacity as the administrator of the estate of Audrey P. Williams, deceased. The case came before the Court for pre-trial conference on March 21, 2012, at which the Plaintiff's attorney, Michael Ford, the Defendant Watson's attorney, Nicholas Gajewski, and the Defendant Brewer's attorney, Daniel Boone, appeared before the Court.

Case 12-80006-JAC    Doc 21    Filed 06/11/12    Entered 06/11/12 15:31:59    Desc Main
Document    Page 1 of 5

Following the pretrial conference the Court entered its standard pretrial order, setting forth deadlines for discovery and motions, and setting a trial date.

The Trustee filed a motion for summary judgment on May 11, 2012, and the motion was heard on May 29, 2012, in accordance with the pretrial order. The motion was supported by the affidavit of Andrea Jean, the custodian of the Trustee's records on this bankruptcy case, by the Trustee's records attached to the Jean affidavit, by the answers to interrogatories by Audrey June Watson, by the answers to interrogatories and request for production by Jarvis Brewer, and by the bankruptcy petition and schedules, and amended schedules.

Although both Defendants were represented by counsel at the pretrial conference, neither Defendant filed an answer to the Trustee's complaint and neither Defendant filed any affidavits or other evidence in opposition to the Plaintiff's motion for summary judgment. Counsel for both Defendants signed the Defendants' respective answers to interrogatories, and counsel for Defendant Watson entered formal appearance for Ms Watson on May 25, 2012.

The Court, having considered the Trustee's motion for summary judgment and the materials submitted in support of the motion, and the arguments of counsel at the hearing held May 29, 2012, finds as follows:

The Debtors, Robert Boyd Watson and Audrey June Watson, jointly filed their Chapter 13 bankruptcy petition in this Court on August 27, 2008, as joint debtors, and the case was assigned case number 08-82602-JAC-13. The Watsons' bankruptcy case will be referred to in this opinion as the "Watson Bankruptcy Case." The Debtors scheduled $114,926 in unsecured claims on Schedule F of the petition. The unsecured claims were described by the Debtors on Schedule F as jointly owed.

The Chapter 13 plan in the Watson Bankruptcy Case was subsequently confirmed and the Watson Bankruptcy Case remains pending in this Court.

On December 22, 2011 the Trustee moved the Court for permission to conduct a Rule 2004 examination of the Debtor Audrey June Watson, with regard to an alleged inheritance she had received. The motion was granted by the Court on December 28, 2011.

The Trustee also filed a motion to modify the Debtors' Chapter 13 plan on January 20, 2012, to increase the base gross due under the plan by $100,000, based upon an inheritance in that amount that Ms Watson had received. That motion was

not contested, and the Trustee's motion to modify the plan was granted on February 21, 2012.

On February 13, 2012, Debtor Audrey June Watson moved the Court to sever her Chapter 13 case from that of Robert Boyd Watson. At the same time, Debtor Audrey June Watson also filed amended Schedules B and F to her bankruptcy petition. The Amended Schedule B revealed Debtor Watson's one-third interest in the estate of her deceased mother, Audrey P. Williams, and valued the estate at $1,717,956. Amended Schedule F filed by Ms Watson listed all the same creditors that were listed in the original Schedule F of the Watson Bankruptcy Case, with the exception of Paypal Buyer Credit, which was not listed on the Amended Schedule F. The Amended Schedule F, however, characterized some debts as debts of the wife (Audrey June Watson) and other debts as debts of the husband (Robert Boyd Watson). On the Amended Schedule F, only two of nineteen accounts were scheduled as the wife's. Those same two accounts were also listed on the Amended Schedule F as debts of the Husband.

Audrey Watson's motion to sever her case from that of Robert Watson came before the Court on March 20, 2012. Following a hearing on that motion, the Court entered an order denying Audrey Watson's motion to sever her case from the joint case she filed with Robert Watson.

On January 19, 2012, the Trustee filed this adversary proceeding, seeking to compel the Defendants to turn over to the Trustee the inheritance paid to or due to Ms Watson to the extent necessary to pay 100% of the allowed claims in this case.

From the Defendant Brewer's answers to interrogatories, which were filed by the Trustee in support of his motion for summary judgment, it appears that the mother of Audrey June Watson, whose name was Audrey June Williams, died intestate on December 17, 2010, while the Watson Bankruptcy Case was pending. The gross assets of the Williams estate consist of deposits, stocks, bonds, and real estate worth approximately $1,063,696. The expenses of the Williams estate are $97,011. According to Brewer's and Watson's answers to interrogatories, Audrey June Watson is entitled to one-third of the Audrey P. Williams estate, as a daughter of the decedent.

Defendant Brewer stated in his answers to interrogatories that he has distributed $200,000 of the Audrey P. Williams estate to Debtor Audrey June Watson in two payments of $100,000 each, the first payment being on July 8, 2011, and the second on March 20, 2012. According to Audrey June Watson's answers to

interrogatories, she has received an additional $16,000 in life insurance proceeds as a result of her mother's death.

According to Defendant Brewer's answers to interrogatories, $84,542.80 is currently available for distribution to Debtor Audrey Watson, and approximately $300,000 will be available to Debtor Audrey Watson upon the sale of personal and real property and the redemption of stocks and bonds of the Audrey P. Williams estate.

According to the affidavit of Andrea Jean, Case Manager Supervisor at the office of the Trustee, which was filed in support of the Trustee's motion, the unpaid balance of the allowed claims, together with the Trustee's fee, in the Watson Bankruptcy Case, as of May 2, 2012, was $207,500. The Watson Bankruptcy Case remains open and pending, and it has not been closed, dismissed or converted.

The Defendants have not contested the allegations contained in the Trustee's complaint in this adversary proceeding by motion or answer, nor have they filed any affidavits or other evidence contradicting the evidence presented by the Trustee in support of his motion for summary judgment.

Section 1306 of the *Bankruptcy Code* provides that the assets of a Chapter 13 bankruptcy estate include the property specified in §541 of the *Bankruptcy Code*, and all property of the kind specified in §541 of the *Bankruptcy Code* that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of the Code. The inheritance paid and due to Defendant Watson was property of the kind specified in §541(a)(5)(A) of the *Bankruptcy Code*.

Further, the Court's order dated February 21, 2012, which granted the Trustee's motion to modify the plan by increasing the amount to be paid by creditors by $100,000, representing an inheritance that had been received by Audrey June Watson, had the effect of determining that the inheritance was property of the estate. That order was not appealed.

It appears to the Court that the assets of the estate of Audrey P. Williams, deceased, that have been paid by Jarvis Brewer, as administrator of that estate, to Audrey June Watson, are assets of the Watson Bankruptcy Case. Further, the assets of the estate of Audrey P. Williams, deceased, that are due to be paid by the Williams estate to Audrey June Watson, now or in the future, are assets of the Watson Bankruptcy Case. These assets should be turned-over by the Defendants to the Trustee for distribution in accordance with the Chapter 13 plan in the Watson

Case 12-80006-JAC    Doc 21    Filed 06/11/12    Entered 06/11/12 15:31:59    Desc Main
Document      Page 4 of 5

Bankruptcy Case, to the extent necessary to pay in full the unpaid balance of the allowed claims in that case, and the Trustee's fee.

The Trustee filed a motion for substantive consolidation of the Watson Bankruptcy Case on March 16, 2012. That motion remains pending. It appears to the Court that the order dated March 20, 2012, denying Audrey June Watson's motion to sever, resolved any issues presented by the Trustee's motion for substantive consolidation. The Court notes here that the motion to sever was denied, in part, because the Defendant Watson failed to disclose the inheritance from her mother until the Trustee conducted a 2004 examination, and because the Debtors allowed this bankruptcy case to be confirmed with each debt being listed as jointly owed, and the case to be administered as a joint case for over three years. Accordingly, the Court deems the Trustee's motion for substantive consolidation to be moot.

It appears to the Court, based upon the pleadings, motion for summary judgment, affidavit, answers to interrogatories and other evidence presented in support of the motion for summary judgment, and the Defendants' failure to contest this adversary proceeding by motion, answer, or response to the Plaintiff's motion for summary judgment, that there are no genuine issues of material fact, and that the Plaintiff is entitled to judgment as a matter of law. The assets of the estate of Audrey P. Williams, deceased, that have been paid to Audrey June Watson and that are to be paid by the administrator of said estate to Audrey June Watson now or in the future, are determined by this Court to be assets of the Watson Bankruptcy Case to the extent those assets are necessary to pay in full the unpaid balance of all allowed claims and the Trustee's fee in the Watson Bankruptcy Case. The Defendants must turn-over to the Trustee funds from the estate of Audrey P. Williams, deceased, sufficient to pay the unpaid balance of all allowed claims in full, together with the Trustee's fee.

Finally, it appears that, for the reasons stated herein, the Trustee's motion for substantive consolidation should be mooted.

Accordingly, the Plaintiff's motion for summary judgment is granted and the Trustee's motion for substantive consolidation is deemed moot. This is a final judgment that disposes of all issues in this case. The Court will enter an order consistent with this opinion contemporaneously herewith.

Dated: June 11, 2012

/s/ Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge